UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------X
ABDUL MAJID, JEARMY CHAM, MASJID SANKURE
AT-TAUBAH, et al.,

                  Plaintiffs,        **MEMORANDUM AND ORDER**

       - against -              07 Civ. 4584 (NRB)

GLENN GOORD, Commissioner, D.O.C.S.,

                 Defendant.
--------------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Plaintiffs Abdul Majid and Jearmy Cham, incarcerated prisoners at Green Haven Correctional Facility ("Green Haven"), bring this action *pro se* pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §§ 2000cc-1, *et seq.*, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), seeking an injunction against Glenn Goord, the Commissioner of the New York State Department of Correctional Services ("DOCS"). According to plaintiffs, DOCS has (1) failed to make available meat that has been prepared  consistent with Muslim dietary laws, ("Halal meat"), while making available meat that has been prepared consistent with Jewish dietary laws, ("Kosher meat"); and (2) improperly sealed off the back area of the Mosque at Green Haven, which is known as "Masjid Sankore At-Taubah."

    Plaintiffs originally filed a complaint in the Southern District of New York on May 31, 2007. On that date, the Honorable Kimba M. Wood issued an Order granting plaintiffs 60-days leave to file an amended complaint, because their caption included "Masjid

Sankure At-Taubah" but failed to identify who or what that was. On July 31, 2007, plaintiffs filed their Amended Complaint ("Amended Complaint"), with Masjid Sankure At-Taubah still in the caption. On August 3, 2007, the case was transferred to our docket.

Currently before the Court are numerous motions brought by other prisoners incarcerated at Green Haven ("proposed intervenors") seeking this Court's permission to intervene in the suit. The proposed intervenors all allege that they are practicing Muslims incarcerated at Green Haven, and they too wish to be provided with a proper halal diet. These motions have been made by: Paul Dudley (August 13, 2007, no docket number); Walter Alston (August 16, 2007, docket #5 ); Craig Black (August 30, 2007, Docket #6); Clifton Crawford (August 30, 2007, Docket #7); Ralph Hanerson (September 3, 2007, Docket #8); Julius L. Hutcherson (September 25, 2007, Docket #9); Mel Williams (September 25, 2007, Docket #10); Terrence Finney (September 25, 2007, Docket #11); Andre Shobey (October 2, 2007, Docket #12). Pierre Graves (October 3, 2007, Docket #13); Ulysses Boyd (October 13, 2007, Docket #14); and Michael D. Curry (October 4, 2007, Docket #15).

Because there is no reason to believe that Majid and Cham will not adequately represent the interests of these proposed intervenors, and because the proposed intervenors raise no new questions of law or fact, these motions to intervene are denied.

## DISCUSSION

### A. Proposed Intervenors

Rule 24(b) of the Federal Rules of Civil Procedure allows for permissive intervention when an applicant's claim and the main action have a question of law or fact in common. Such applications are addressed to the discretion of the court. When a proposed intervenor is similarly situated to the plaintiff, and when the proposed intervenor's interest is adequately represented by the existing plaintiffs, a court may exercise its discretion and deny the motion to intervene. James Wm. Moore, 6 Moore's Federal Practice, §24.10[2][c](3d ed. 2007). Here the proposed intervenors are similarly situated to the plaintiffs, raise no new questions of law or fact and seek identical relief.

Significantly, plaintiffs' Amended Complaint seeks only an injunction against a government official, and no monetary damages. Under these circumstances, should plaintiffs prevail, the relief they have requested will be extended to all Muslim prisoners in Green Haven, including the proposed intervenors. See Davis v. Smith 607 F.2d 535, 540 (2d Cir. 1978)("[Because] retroactive monetary relief is not at issue. . . [t]he district court held that the prospective effects of its judgment here would inure adequately to the benefit of all proposed class members and that class certification therefore was not appropriate. We agree."). Any intervention, therefore, would be unnecessarily duplicative.

-3-

<u>Natural Resources Defense Council, Inc. v. New York State Dep't of</u>
<u>Envtl. Conservation</u>, 834 F.2d 60, 61-62 (2d Cir. 1987) (so long as
a party has demonstrated sufficient motivation to litigate
vigorously and to present all colorable contentions, a district
judge does not exceed bounds of discretion by concluding that
interests of intervenor are adequately represented). <u>See</u> <u>also</u> <u>Arney</u>
<u>v. Finney</u>, 967 F.2d 418, 421-22 (10th Cir. 1992)(denial of
applicant's motion to intervene in action challenging prison
conditions upheld because others adequately represented his
interests). Accordingly, the motions to intervene are denied.

## B. Additional Issues Relating to the Complaint

First, we note that "Masjid Sankure At-Taubah" is an improper
plaintiff in this case. According to plaintiffs, "Masjid Sankure
At-Taubah is the name of the Mosque (house of worship) at
Greenhaven correctional facility in which the Muslim population
attends." Complaint at 24. A house of worship, such as a church or
mosque, cannot bring suit because it is not a legal or juristic
entity. <u>Moffat Tunnel League v. United States</u>, 289 U.S. 113, 118
(1933)("These leagues are not corporations, quasi corporations, or
organized pursuant to, or recognized by, any law. Neither is a
person in law, and, unless authorized by statute, they have no
capacity to sue.") Therefore, "Masjid Sankure At-Taubah" is
dismissed as a plaintiff.

Next, we note that any motion by plaintiffs to attain class action status would be inappropriate. In the Amended Complaint, plaintiffs indicate that wish to bring the suit as a class action on behalf of themselves and all similarly situated Muslim prisoners in Green Haven and throughout the New York State prison system. See Complaint at 23-24. It is well-established, however, that *pro se* plaintiffs cannot act as class representatives. Johnson v. Newport Lorillard, 2003 WL 169797, *1 n.4 (S.D.N.Y. Jan. 23, 2003)(court docket number not available)("a class should not be certified where a pro se litigant will act as class representative").

**SO ORDERED.**

Dated:    New York, New York
          October 10, 2007

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Copies of the foregoing Memorandum and Order have been mailed on
this date to the following:

Abdul Majid
83 A 0483
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Jearmy Cham
96 A 4848
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Office of the Attorney General
State of New York
120 Broadway
New York, NY 10271

Paul Dudley
03 A 5495
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Craig Black
96 A 3979
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Clifton Crawford
89 A 3964
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Ralph Hanerson
03 A 0612
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Julius L. Hutcherson
02 B 2009
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Mel Williams
98 A 0177
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Terrance Finney
99 A 3309
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Andre Shobey
05 A 3400
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Pierre Graves
95 B 1845
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Ulysses Boyd
87 A 5434
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Michael D. Curry
05 A 0100
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010

Walter Alston
98 A 2554
Green Haven Correctional Facility
PO Box 4000
Stormville, NY 12582-0010